IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN BARNETT,             CASE NO. 2:07-cv-667
                                     JUDGE SARGUS
      Petitioner,                MAGISTRATE JUDGE ABEL

v.

JEFFREY WOLFE, Warden,

      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties.

This case involves petitioner's convictions in the Muskingum County Court of Common Pleas pursuant to his guilty plea on failure to comply with an order or signal of a police officer, aggravated vehicular assault, operating a motor vehicle while under the influence, driving under suspension, and possession of marijuana. Petitioner was on community control at the time of his guilty plea, and as a result, his community control also was revoked. Petitioner did not timely appeal. Approximately four months after his judgment entry of sentence, he filed a motion for delayed appeal, alleging as cause for his untimely filing that his attorney had failed to file a timely appeal after being requested to do so. The state appellate court denied petitioner's motion for delayed appeal, and the Ohio Supreme Court thereafter dismissed petitioner's subsequent appeal. In this federal habeas corpus petition, petitioner asserts that he was denied the effective assistance of

counsel, the right to appeal, and that sentence was unconstitutionally imposed. Respondent contends that this action should be dismissed as unexhausted, and because petitioner's claims are procedurally defaulted or without merit.

For the reasons that follow, the Magistrate Judge concludes that petitioner fairly presented his claim of ineffective assistance of counsel to the state courts, and that an evidentiary hearing will be required to resolve this claim. The Magistrate Judge therefore **RECOMMENDS** that counsel be appointed to represent petitioner at an evidentiary hearing on his claims that he was denied the effective assistance of counsel and his right to appeal when his attorney failed to file a timely appeal after being requested to do so.

## PROCEDURAL HISTORY

Petitioner was indicted by the July 2004 term of the Muskingum County grand jury on two counts of possession of cocaine, in violation of O.R.C. §2925.11, with specifications, and possession of drug paraphernalia, in violation of O.R.C. §2925.14. *Exhibit 1 to Return of Writ*. On March 25, 2005, while represented by counsel, he pleaded guilty. *Exhibit 3 to Return of Writ.* On April 25, 2005, the trial court sentenced petitioner pursuant to the recommendation of the parties to three years community control. *Exhibit 4 to Return* of Writ. Thereafter, petitioner was indicted in 2006 on failure to comply with an order or signal of a police officer, in violation of O.R.C. §2921.331, two counts of aggravated vehicular assault, in violation of O.R.C. §2903.08, having a weapon while under disability, in violation of O.R.C. §2923.13, improper handling of a firearm in a motor vehicle, in violation of O.R.C. §2923.16, two counts of operating a motor vehicle while under the

influence, in violation of O.R.C. §4511.19, driving under suspension, in violation of O.R.C. §4510.11(A), and possession of marijuana, in violation of O.R.C. §2925.11(A). *Exhibit 5 to Return of Writ*. On September 13, 2006, while represented by counsel, he pleaded guilty to failure to comply with an order or signal of a police officer, two counts of aggravated vehicular assault, two counts of operating a motor vehicle while under the influence, driving under suspension, and possession of marijuana. *Exhibit 7 to Return of Writ*. On October 30, 2006, the trial court sentenced petitioner to an aggregate term of five years incarceration. *Exhibit 9 to Return of Writ.* Petitioner's community control was revoked and he was sentenced to seventeen months incarceration, such sentence to run consecutively with the sentence imposed on his September 13, 2006, convictions. *Exhibit 10 to Return of Writ*. Petitioner did not file a timely appeal. On January 26, 2007, he filed a motion for delayed appeal. *Exhibit 11 to Return of Writ*. As cause for his untimely filing, petitioner alleged the ineffective assistance of counsel due to his attorney's failure to abide by his wishes and file a timely appeal. *See id.* On February 15, 2007, the appellate court denied petitioner's motion for delayed appeal. *Exhibit 13 to Return of Writ*. Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibit 14 to Return of Writ*. On June 20, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 16 to Return of Writ.*

On July 12, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

1. Denied effective counsel.

   Counsel failed to file a timely appeal, and submit reversible error to the indictment and conviction and sentence.

2. Denial of right to appeal.

   I was denied right to appeal for counsel's failure to timely file as well as the appeals court abuse of discretion.

3. Sentence contrary to law.

   The sentence is contrary to the law and Constitution and mandates of the superior courts and [] equal protection.

4. Multiple punishment.

   The indictment and the sentence was based on multiple punishment to secure a lengthy sentence for the prosecution which violated rights secured.

It is the position of the respondent that claim one is unexhausted, and that petitioner's claims otherwise are procedurally defaulted, fail to present an issue appropriate for federal habeas corpus review, or without merit.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S.

838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987). The total exhaustion rule of *Rose v. Lundy,* 455 U.S. 509, 522 (1985), requires federal courts to dismiss without prejudice habeas corpus petitions containing both exhausted and unexhausted claims, *see Rhines v. Weber,* 544 U.S. 269, 274 (2005), unless it appears that the statute of limitations will bar the re-filing of the habeas corpus petition. *See id.* Under such circumstances, a stay of proceedings may be appropriate under limited circumstances:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id.,* at 277.

In claim one, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file an appeal after petitioner instructed him to do so.

Respondent contends that this clam is unexhausted because the claim necessarily relies on evidence not readily apparent from the record (*i.e.*, conversations between petitioner and his attorney), and he has not pursued a petition for post conviction relief pursuant to O.R.C. §2953.21. Although the time period for filing a timely post conviction petition has now expired, petitioner may still file a delayed post conviction petition; however, he must meet the requirements of O.R.C. §2953.23, for consideration of such a delayed post conviction petition, which provides:

> Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
>
> (1) Either of the following applies:
>
> (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
>
> (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

O.R.C. §2923.23. The record does not reflect that petitioner can meet this standard here.[1]

The exhaustion requirement does not require a "meaningless foray through local tribunals," *see Landrum v. Com. of Ky.*, 380 F.Supp. 1338, 1339 (D.C.Ky.1974), or "repetitious applications to the state courts for relief." *See Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979); *but see Hargrove v. Wolfe*,)(concluding under similar circumstances that the only claim properly before federal habeas court was petitioner's related claim of denial of the right to appeal due to defense counsel's failure to file a timely appeal after being requested to do so).

Further, as cause for his untimely appeal, petitioner asserted:

> I am not 100% sure that my attorney failed to file my appeal as I asked. But I have yet to hear from any such appeal or my counsel or of any court appointed appeal counsel. I ask this court to send status of my appeal if one has been filed, and if my appeal is under way and yet to be in contact with me, I seriously apologize for any inconvenience this motion may have caused. But if no appeal has been entered and/or counsel given, I seek leave to be granted due to the neglect and ineffectiveness of my counsel's failure to abide by my rights and wishes.

*Exhibit 11 to Return of Writ*. Petitioner again alleged that he had instructed his attorney to file an appeal, and that he had been denied the effective assistance of counsel when his attorney failed to do so. *See Exhibit 15 to Return of Writ*. Thus, it appears that petitioner

---

[1] The record does not reflect that a stay of proceedings pending exhaustion would not be appropriate. *See Rhines v. Weber*, 544 U.S. 269 (2005); *Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir.2005) (claims are "plainly meritless" for purposes of deciding whether to grant a stay of habeas corpus proceedings where the petitioner is procedurally barred from raising unexhausted claims in the state courts.)

7

fairly presented his claim of ineffective assistance of counsel to the state courts, and that the courts were provided an opportunity to rule on such claim. This Court therefore concludes that petitioner has exhausted his claim of ineffective assistance of appellate counsel based upon his attorney's alleged failure to file a timely notice of appeal after being requested to do so.

Respondent contends that this Court nonetheless may dismiss petitioner's claim of ineffective assistance of counsel and denial of the right to appeal on the merits, because petitioner failed to provide an affidavit from his attorney to support his claims, and because he waived his right to appeal by not filing the appeal within thirty days after being advised of the time requirement for filing an appeal.[2] These arguments are not persuasive. Petitioner has already submitted his own affidavit in support of his motion for delayed appeal. He alleges that he requested his attorney to file the appeal and that his attorney failed to do so. He states that he filed his motion for delayed appeal after writing several letters to his attorney, presumably inquiring as to the status of his appeal, and receiving no response. *Traverse*, at 2. Further, requiring the submission of an affidavit from defense counsel will likely result only in a factual dispute the resolution of which would require an evidentiary hearing, since petitioner has raised allegations which, if true, may entitle him to relief.

---

[2] Petitioner signed a Guilty Plea form acknowledging that he understood his right to appeal within thirty days. *Exhibit 7 to Return of Writ*. Additionally, the transcript of petitioner's guilty plea indicates that the trial court advised petitioner of his limited right to appeal within thirty days. *See Exhibit 19 to Return of Writ*.

The failure of an attorney to file a timely appeal after being requested to do so by a defendant constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir.1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir.1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir.1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir.1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir.1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. See *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); cf. *Peguero v. United States,* 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).

Therefore, because petitioner has alleged facts which, if true, may entitle him to relief, and because the Magistrate Judge concludes that petitioner fairly presented claim

one to the state courts in his motion for delayed appeal and in his subsequent appeal to the Ohio Supreme Court, the Magistrate Judge therefore **RECOMMENDS** that counsel be appointed to represent petitioner at an evidentiary hearing on his claims that he was denied the effective assistance of counsel and his right to appeal when his attorney failed to file a timely appeal after being requested to do so.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

s/Mark R. Abel  
United States Magistrate Judge